IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BALDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:10cv528 |
| | § | (Judge Clark/Judge Mazzant) |
| MICHAEL ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 23, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be AFFIRMED.

Plaintiff first objects that when it is unclear whether the correct severity standard was applied to determine the severity of Plaintiff's impairments, it is not proper for this court to make the severity finding for the ALJ, as if the correct standard had been applied. Plaintiff asserts that the failure to apply the correct severity standard at step two is legal error which requires remand. The court disagrees. The question before the court is whether substantial evidence supports the finding that Plaintiff's impairments were not severe impairments. A review of the record clearly demonstrates that substantial evidence supports that decision. Plaintiff requests that the court remand the case back to the ALJ to make this same finding. Remand is not required when the error committed is merely harmless. Moreover, in an unpublished decision, the Fifth Circuit found that similar severity language used by the ALJ was not error. *See Brunson v. Astrue*, 387 F. App'x 459 (5th Cir. 2010)

1

("An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; *it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities.*") *See also White v. Commissioner of Social Sec. Admin.*, No. 4:11cv113, 2012 WL 1986523, at *3 (E.D. Tex. June 4, 2012); *Acosta v. Astrue*, No. EP–10–CV–00471–DCG, 2012 WL 1994985, at *10 (W.D. Tex. Mar. 2, 2012).

Plaintiff also asserts that Magistrate Judge erred in finding that the record does not support that obesity was a severe impairment. Plaintiff asserts that the Magistrate Judge also erred in finding that Plaintiff's spinal stenosis and spondylosis does not present additional limitations than degenerative disc disease and are not required to be found severe at step two. Plaintiff merely repeats the same arguments she made to the Magistrate Judge. The Court finds no error. Substantial evidence supports the decision of the ALJ that Plaintiff failed to establish that these other impairments were severe.

Plaintiff next objects that the Magistrate erred in finding that Plaintiff has not met her burden of showing that she has a medically determinable impairment of obesity or how her obesity affected her other conditions. Plaintiff argues that her BMI was 34.5, which is defined as obese. The Magistrate Judge acknowledged that obesity is an impairment, but points out that merely being obese does not make it a severe impairment. The Magistrate Judge pointed out that none of Plaintiff's physicians indicated any limitations due to Plaintiff's impairments or how her weight was affecting her pain. He also noted that the medical record did not indicate any concerns regarding her obesity. Plaintiff was able to work in June 2007 and April 2008, despite her weight. Although not noted by the Magistrate Judge, the Commissioner also points out that Plaintiff did not allege obesity to be a disabling condition and she did not testify that her weight caused her any problems. Plaintiff failed

to meet her burden. Substantial evidence supports this decision.

Plaintiff next objects that the Magistrate Judge erred in holding that the ALJ's residual functional capacity finding was supported by substantial evidence. Plaintiff again merely repeats the arguments she made to the Magistrate Judge.

Plaintiff's final objection is that the Appeals Council improperly rejected new and material evidence. Plaintiff asserts that the MRI submitted to Appeals Council shows disc bulges with effacement on the ventral thecal sac, disc space narrowing, disc desiccation, and bilateral neural foraminal stenosis. Plaintiff takes issue with the Magistrate Judge agreeing with the Commissioner that the MRI merely confirms the x-ray evidence which was before the ALJ. The Magistrate Judge correctly pointed out that the x-rays taken of Plaintiff's lumbar spine showed degenerative disc disease and that the MRI showed mild to moderate multilevel degenerative changes of the lumbar spine. The Magistrate Judge found that substantial evidence supported the ALJ's residual functional capacity decision because the MRI would not change the ALJ's decision. The court agrees and finds no error.

The court, having made a de novo review of the objections raised by Plaintiff [Doc. #21], is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of Plaintiff are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

It is therefore **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **31** day of **August, 2012.**

_Ron Clark_

Ron Clark, United States District Judge

3